Jackie Russell Keeter v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-169-CR

     JACKIE RUSSELL KEETER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 6978
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      The relationship between the victim and her step-mother over the two years between the
victim’s outcry of sexual assault and the time of trial had apparently not been particularly good. 
Within days after the trial, the victim’s step-mother told the victim’s father that either the victim
must leave their home or the step-mother would. The eight year old victim, now ten, chose to
return to live with her mother, the household in which she had been assaulted. Keeter was not
living there at the time she returned to live with her mother.
      On the day the victim returned to her mother’s house, she told her mother that she had lied
about what Keeter, her step-father, had done to her. After she said that she had lied about what
Keeter had done, Keeter’s father, who had lived with the victim at the time of the assault, was nice
to her. Keeter’s father had been told to leave the court-house during the trial because he
threatened to take the victim’s father away from her, just like she had taken Keeter away from his
children, the victim’s half-siblings.
      The trial judge, who observed all the witnesses during trial, was presented with this and other
testimony in determining if the recantation of the victim’s statement was credible. The trial court
determined that the recantation was not credible. Finding no abuse of discretion in that
determination, I would affirm the trial court’s denial of the motion for new trial. Because the
majority does not, I respectfully dissent.

                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed April 4, 2001
Publish